### SAUNDERS v. STERN BROS.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

MASTER AND SERVANT ⊕⇒35—ACTION FOR WAGES—AMOUNT OF RECOVERY.

Where defendant hired plaintiff as a buyer for one year, and later discharged him before the term was completed, plaintiff could not recover any sum due after the discharge, in an action for wages based upon the contract; his remedy being an action for damages for breach of the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 41; Dec. Dig. ⊕⇒35.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by David Saunders against Stern Bros. From a judgment for the plaintiff for $115 damages and $18 costs, he appeals. Affirmed.

Argued March term, 1916, before PENDLETON and WHITAKER, JJ.

John J. Halpin, of New York City, for appellant.

Edgar H. Rosenstock, of New York City (Isidor E. Schlesinger, of New York City, of counsel), for respondent.

WHITAKER, J.   Action for wages.   The record discloses the following facts, which are practically conceded:

On the 5th day of October, 1914, defendant hired plaintiff as a buyer for the term of one year, beginning on the 5th day of October, 1914, and ending on the 4th day of October, 1915, at a salary of $6,-000 a year.   On June 19, 1915, defendant informed plaintiff he need not perform any more services under the contract, but that the defendant would continue to pay him his salary until the expiration of the contract period, and to call every Tuesday and get his salary. Plaintiff acquiesced, and thereupon the salary was paid to him every Tuesday until July 27th.   The payment of the salary due on that day was refused.   Plaintiff began this action on August 14, 1915.

The action was for salary, and after trial the court wrote a memorandum and gave plaintiff judgment up to July 27th—"up to the time of the discharge."   The plaintiff denied that, when the defendant refused to give him any further salary, he discharged him; but the defendant testified that he discharged plaintiff on the 27th day of July, 1915.   The court has found that the plaintiff was discharged on July 27th, and the court held that, inasmuch as the action was for salary, salary could not be recovered after the discharge, which was, of course, equivalent to holding that, in order to enable the plaintiff to recover any sum due after the discharge, the action should have been for damages, and not for salary; that is, for a breach of the contract, and not upon the contract.

The court, we think, correctly decided the case.   The only recovery under the form of action which plaintiff brought was for the amount of wages accrued up to the time of discharge.   Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285.

Judgment affirmed, with $25 costs to respondent.

PENDLETON, J., concurs.